# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| **LUCY CALTON, TERETHA SPANN and CHAKA FORD,** individually and on behalf of all others similarly situated, <br><br>    **Plaintiffs,** <br><br> v. <br><br> **MCBH, LLC d/b/a MEDICAL CENTER BARBOUR, ALLIANT MANAGEMENT SERVICES, INC., and THE HEALTH CARE AUTHORITY OF THE CITY OF EUFAULA,** <br><br>    **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No.: _____ |

## NOTICE OF REMOVAL

COMES NOW Blue Management Services, LLC d/b/a Alliant Management Services[1] ("Alliant"), pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, and hereby removes this action from the Circuit Court of Barbour County, Alabama to the United States District Court for the Middle District of Alabama, Northern

---

[1] Incorrectly identified in Plaintiffs' Complaint as Alliant Management Services, Inc.

Division. In support of this Notice of Removal, Alliant respectfully shows the Court as follows:

## PROCEDURAL BACKGROUND

1. On August 27, 2024, Lucy Calton filed a Class Action Complaint in the Circuit Court of Barbour County, Alabama (the "*Calton* suit") against Medical Center Barbour, MCBH, LLC, Alliant, and the Health Care Authority of the City of Eufaula (the "Health Care Authority").

2. On August 30, 2024, Teretha Spann and Chaka Ford filed a Class Action Complaint in the Circuit Court of Barbour County, Alabama (the "*Spann-Ford* suit") against MCBH, LLC d/b/a Medical Center Barbour ("MCBH") and the Health Care Authority. The *Spann-Ford* suit did not name Alliant as a Defendant.

3. On October 9, 2024, Alabama Circuit Court Judge Burt Smithart granted Lucy Calton, Teretha Spann, and Chaka Ford (collectively, "Plaintiffs")' Motion to Consolidate the *Calton* suit with the *Spann-Ford* suit.

4. On November 8, 2024, Plaintiffs in this suit filed a Consolidated Class Action Complaint (the "Consolidated Complaint") in the Circuit Court of Barbour County, Alabama (Case No. 69-CV-2024-900054) against MCBH, Alliant, and the Health Care Authority (collectively, "Defendants"). Medical Center Barbour, which was a named Defendant in the *Calton* suit, is not a named defendant in the

2

Consolidated Complaint. The documents attached as Exhibit A constitute all of the process and pleadings served and filed in the *Calton* suit, the *Spann-Ford* suit, and the consolidated suit to date.[2] 28 U.S.C. § 1446(a).

5.  On or around November 22, 2024, MCBH was served with the Consolidated Complaint. (Exhibit A, Doc. 39). MCBH consents to this removal. (*See* the Consent attached hereto as Exhibit B).

6.  Alliant has not been served with the Consolidated Complaint.

7.  To the extent the Health Care Authority has been served with the Consolidated Complaint, it also consents to this removal. (*See* Exhibit B).[3]

8.  Alliant is filing this Notice of Removal in the United States District Court for the Middle District of Alabama, Northern Division, which is the district and division embracing the place where the consolidated state court cases were filed. 28 U.S.C. § 1441(a).

---

[2] No Defendant appeared in the *Calton* suit, the *Spann-Ford* suit, or the consolidated suit prior to the filing of this Notice of Removal.

[3] Although MCBH and the Health Care Authority both consent to this removal, unanimous consent is unnecessary. 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . except that such action may be removed by any defendant without the consent of all defendants."); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) ("Congress inserted language into CAFA that clearly suspends the well-established rule of unanimity for the purpose of class action removals.") (citing *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006), where the Ninth Circuit noted that section 1453(b) "overrides the judge-created requirement that each defendant consent to removal").

9. Promptly after filing this Notice of Removal, Alliant will file a copy with the Clerk of the Circuit Court of Barbour County, Alabama. 28 U.S.C. § 1446(d).

## CAFA JURISDICTIONAL REQUIREMENTS

10. For a case to be removable under the Class Action Fairness Act ("CAFA"): (1) the case must qualify as a class action; (2) there must be minimal diversity among the parties (i.e., "any member of a class of plaintiffs is a citizen of a State different from any defendant"); and (3) there must be at least $5,000,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1453(b).

### Existence of a Class Action

11. "[T]he term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B).

12. Plaintiffs bring suit on behalf of themselves and a putative nationwide Class pursuant to Alabama Rule of Civil Procedure 23. (Exhibit A, Complaint ¶ 121 and Prayer for Relief). Alabama Rule of Civil Procedure 23 allows "[o]ne or more members of a class [to] sue or be sued as representative parties on behalf of all," and it is substantively similar to its federal counterpart. *Compare* FED. R. CIV. P. 23 *with*

ALA. R. CIV. P. 23; *see also Adams v. Robertson*, 676 So. 2d 1265, 1268 (Ala. 1995) ("Rule 23 of the Alabama Rules of Civil Procedure reads the same as Rule 23 of the Federal Rules, and we consider federal case law on class actions to be persuasive authority for the interpretation of our own Rule 23.").

13. Alliant does not concede the "Class Representation Allegations" in Section V, ¶¶ 121-26 of the Complaint, but it does not dispute that this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B).

14. Thus, this case satisfies the CAFA removability requirement regarding the existence of a class action. 28 U.S.C. §§ 1332(d)(1)(B), 1453(a)-(b).

**Diversity of the Parties**

15. Plaintiffs are individual residents and citizens of the State of Alabama. (*See* Exhibit A, Complaint ¶¶ 12-14).

16. "CAFA controls class actions, and provides that 'an *unincorporated association* shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'" *15 Oz Fresh & Healthy Foods LLC v. Lloyd's London Known as Syndicates AML 2001*, No. 21-10949, 2022 U.S. App. LEXIS 28200, at *4 (11th Cir. Oct. 11, 2022) (quoting 28 U.S.C. § 1332(d)(10)) (emphasis in *15 Oz Fresh & Healthy Foods*). "[L]imited liability companies are treated as unincorporated associations for jurisdictional

5

purposes." *Alvarez v. Loancare LLC*, No. 20-21837, 2021 U.S. Dist. LEXIS 9281, at *21 (S.D. Fla. Jan. 19, 2021) (citing *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004)); *Griggs v. NHS Mgmt. LLC*, No. 2:22-cv-00565-RDP, 2023 U.S. Dist. LEXIS 109607, at *8 (N.D. Ala. June 26, 2023) ("The normal rule regarding citizenship of a limited liability company does not apply in CAFA cases. Instead, CAFA provides that 'an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'") (quoting 28 U.S.C. § 1332(d)(10)); *Marquez v. GNS & Assocs.*, No. 17-00060-CG-N, 2017 U.S. Dist. LEXIS 101211, at *11-12 (S.D. Ala. June 27, 2017) (same).

17. Alliant is a limited liability company formed under the laws of the State of Kentucky with its principal place of business in the State of Kentucky. (*See* Exhibit A, Complaint ¶ 16 and Alliant's Articles of Organization, attached hereto as Exhibit C).[4] Thus, Alliant is a citizen of the State of Kentucky, and it is not a citizen

---

[4] "[F]or removability purposes, [a defendant] is presumed to know its own citizenship; indeed, it is in the best position to know it." *Traeger Grills East, LLC v. Traeger Pellet Grills, LLC*, No. 3:11-CV-536-AC, 2011 U.S. Dist. LEXIS 130349, at *15 (D. Or. Nov. 8, 2011) (internal quotation marks omitted) (alteration original). "[C]ourts surely can presume that a defendant is aware of various basic personal facts, including the location of one's citizenship, without delving into the prohibited area of a defendant's subjective knowledge." *KDY, Inc. v. Hydroslotter Corp.*, No. 08-4074 SC, 2008 U.S. Dist. LEXIS 95698, at *11 (N.D. Cal. Nov. 17, 2008).

6

of the State of Alabama.

18. MCBH is a limited liability company formed under the laws of the State of Delaware with its principal place of business in the State of California. (*See* Exhibit A, Complaint ¶ 15 and the information from the Alabama Secretary of State's website, attached hereto as Exhibit D). Thus, MCBH is a citizen of the States of Delaware and California, and it is not a citizen of the State of Alabama.

19. The Health Care Authority is a corporation formed under the laws of the State of Alabama with its principal place of business in the State of Alabama. (Exhibit A, Complaint ¶ 17). Thus, the Health Care Authority is a citizen of the State of Alabama. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 [], without regard to whether any defendant is a citizen of the State in which the action is brought[.]").

20. Plaintiffs are citizens of a State different from Alliant and MCBH, which satisfies the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).

## Amount in Controversy

21. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

22. Plaintiffs, on behalf of themselves and a putative nationwide Class,

allege that their protected health information and personal identifying information was compromised in a data breach. The proposed Class includes "[a]ll persons in the United States whose Private Information was accessed in the Data Breach." Plaintiffs allege negligence/wantonness, negligence *per se*, breach of express and implied contract, breach of fiduciary duty, breach of confidence, unjust enrichment, and invasion of privacy claims against Defendants. (<u>Exhibit A</u>, Consolidated Complaint).

23. Plaintiffs specifically claim that they and the putative Class members have suffered injuries that include, but are not limited to:

- Lost or diminished value of their private information;

- Out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their private information;

- Lost opportunity costs associated with attempting to mitigate the actual consequences of the data breach, including but not limited to the loss of time needed to take appropriate measures to avoid unauthorized and fraudulent charges;

- Loss of time needed to investigate, correct and resolve unauthorized access to their accounts;

- Loss of time needed to deal with spam messages and emails received following the data breach;

- Charges and fees associated with fraudulent charges on their accounts; and

- A continued and increased risk of compromise to their private information.

(Exhibit A, Consolidated Complaint ¶ 10). In connection with these and other alleged injuries, Plaintiffs seek declaratory relief; permanent injunctive relief; compensatory, consequential, and general damages; statutory damages and punitive or exemplary damages; litigation costs; attorneys' fees, costs, and expenses; maximum interest on any judgment in favor of Plaintiffs; and equitable relief in the form of disgorgement and restitution. (Exhibit A, Consolidated Complaint, Prayer for Relief).

24. Plaintiffs claim the putative Class includes at least 61,014 individuals. (Exhibit A, Consolidated Complaint ¶¶ 29 and n.3, 122 and n.36).

25. Plaintiffs suggest that cybercrime victims lose, on average, $50,670.00. (Exhibit A, Consolidated Complaint ¶ 45). Using this figure, there is over *three billion dollars* in controversy in this case (61,014 x $50,670.00 = $3,091,579,380.00).

26. Plaintiffs claim that "[v]ictims of medical identity theft spend an average of $13,500 to resolve problems arising from medical identity theft[.]" (Exhibit A, Complaint ¶ 49). Using this figure—which does not even include several categories of Plaintiffs' alleged damages, such as compensation for lost time or

9

punitive damages[5]—there is over *eight hundred million dollars* in controversy in this case (61,014 x $13,500.00 = $823,689,000.00).

27. Plaintiffs state that "[a]ccording to data security experts, one out of every four data breach notification recipients becomes a victim of identity fraud." (Exhibit A, Consolidated Complaint ¶ 83). Even if only a quarter of the putative Class members claim Plaintiffs' referenced damages, the amount in controversy still significantly exceeds the $5,000,000.00 jurisdictional requirement (61,014 / 4 = 15,253.50; 15,254 x $50,670.00 = $772,920,180.00; 15,254 x $13,500.00 = $205,929,000.00).

28. Alliant denies that it is liable to Plaintiffs and the putative Class members in any amount, but it does not dispute that the amount in controversy exceeds $5,000,000.00, as evidenced by the allegations and monetary figures in Plaintiffs' Consolidated Complaint.

29. Accordingly, the amount in controversy exceeds the $5,000,000.00 jurisdictional requirement of 28 U.S.C. § 1332(d)(2).

---

[5] *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered [] unless it is apparent to a legal certainty that such cannot be recovered."); *Bryant v. Octapharma Plasma, Inc.*, No. 2:24-cv-290-ECM, 2024 U.S. Dist. LEXIS 138182, at *9 (M.D. Ala. Aug. 5, 2024) ("[I]t is appropriate to factor punitive damages into the amount in controversy.") (citing Eleventh Circuit cases).

## **TIMELINESS**

30. When "a case is not removable on the face of the complaint, 'a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. Appx. 888, 893 (11th Cir. 2021) (quoting 28 U.S.C. § 1446(b)).

31. The *Calton* suit was not removable based on the face of the complaint because it names "Medical Center Barbour," an alleged Alabama entity, as a Defendant. (*See* Exhibit A, *Calton* Complaint, Doc. 2). Under CAFA's local controversy exception, a district court may not exercise jurisdiction when (1) more than two-thirds of the proposed plaintiff class are citizens of the state in which the action was filed; (2) at least one "significant" defendant is a citizen of the state of filing; and (3) the principal injuries were incurred in the state of filing. *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1155 (11th Cir. 2021). Based on the allegations in the *Calton* suit, and the fact that Medical Center Barbour is the name of the hospital where the subject data breach occurred, "Medical Center Barbour" likely qualified as a significant defendant triggering the local controversy exception.

32. "Medical Center Barbour" is not named as a Defendant in the operative

11

Consolidated Complaint, so the local controversy exception no longer applies.[6]

33. Thus, Alliant was not able to ascertain that the case was removable prior to the filing of the operative Consolidated Complaint.

34. Alliant is filing this Notice of Removal within thirty (30) days of the date that Plaintiffs filed the Consolidated Complaint and before Alliant has been served with the Consolidated Complaint. This removal is therefore timely. 28 U.S.C. §§ 1446(b), 1453(b); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757 (11th Cir. 2010) ("CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446 . . . which governs the timeliness of removal in civil cases[.]").

## **CONCLUSION**

35. Alliant has satisfied all requirements with respect to the existence of a class action, minimal diversity of citizenship, the amount in controversy, and timing.

---

[6] Although the Health Care Authority is an Alabama citizen and remains a named Defendant, its presence in this suit does not implicate the local controversy exception because it is not a "significant" defendant. *See Smith*, 991 F.3d at 1160 (noting "CAFA's local controversy exception requires plaintiffs to show that at least one defendant" is a significant defendant; i.e., a resident defendant "from whom significant relief is sought" and "whose alleged conduct forms a significant basis for the claims") (quoting 28 U.S.C. § 1332(d)(4)(A)(i)(II)). Plaintiffs refer to Defendants collectively throughout their Complaint, but none of their allegations are specifically directed at the Health Care Authority or suggest that its conduct "forms a significant basis for [Plaintiffs'] claims." (*See* Exhibit A, Complaint). "[O]nce the removing defendants have proved the amount in controversy and the minimal diversity requirement, and thus have established federal court jurisdiction . . . the plaintiffs bear the burden of proving the local controversy exception to the jurisdiction otherwise established." *Evans v. Walter Indus.*, 449 F.3d 1159, 1165 (11th Cir. 2006).

Removal is therefore proper under 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.

WHEREFORE, PREMISES CONSIDERED, Alliant prays the filing of this Notice of Removal, the filing of a written notice to Plaintiffs, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Barbour County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted,

/s/ Angel A. Croes

ANGEL A. CROES (ASB-6785-E49D)
CAROLINE T. PRYOR (ASB-2802-R67C)
HANNAH R. DELLASALA (ASB-1406-Q44G)
Attorneys for Blue Management Services, LLC
d/b/a Alliant Management Services

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
Email:  acroes@carrallison.com
          cpryor@carrallison.com
          hdellasala@carallison.com

13

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of December, 2024, I have served a copy of the above and foregoing on all parties by:

      \_\_\_\_\_Facsimile transmission;
      \_\_\_\_\_Hand Delivery;
      \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
      __XX__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Alexandra J. Calton, Esq.
Annesley H. DeGaris, Esq.
DeGaris Law, LLC
2 North 20th Street, Suite 1030
Birmingham, AL 35203
acalton@degarislaw.com
adegaris@degarislaw.com

Richard P. Rouco, Esq.
Quinn, Connor, Weaver, Davies and Rouco, LLP
2-20th Street North, Suite 930
Birmingham, AL 35203
rrouco@qcwdr.com

Nickolas J. Hagman, Esq.
Daniel O. Herrera, Esq.
Mohammed A. Rathur, Esq.
Cafferty Clobes Meriwether & Sprengel LLP
135 S LaSalle, Suite 3210
Chicago, IL 60603
nhagman@caffertyclobes.com
dherrera@caffertyclobes.com
mrathur@caffertyclobes.com

Daniel Srourian, Esq.

Srourian Law Firm, P.C.
3435 Wilshire Blvd. Suite 1710
Los Angeles, CA 90010
daniel@slfla.com

David M. Ross
Andrew P. Walsh
Wilson Elser LLP
1500 Urban Center Drive, Suite 450
Birmingham, AL 35242
1500 K. Street, NW, Suite 330
Washington, D.C. 20005
david.ross@wilsonelser.com
andy.walsh@wilsonelser.com
Attorneys for MCBH, LLC
d/b/a Medical Center Barbour and
The Healthcare Authority of the
City of Eufaula, Alabama

/s/ Angel A. Croes
OF COUNSEL