# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| LUCY CALTON, TERETHA SPANN and CHAKA FORD, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MCBH, LLC d/b/a MEDICAL CENTER BARBOUR, ALLIANT MANAGEMENT SERVICES, INC., and THE HEALTH CARE AUTHORITY OF THE CITY OF EUFAULA, <br><br> Defendants. | Civil Action No.: <br> 2:24-CV-00787-RAH-KFP |

## ALL PARTIES' MOTION TO STAY PROCEEDINGS TO ALLOW FOR GLOBAL MEDIATION

COME NOW, the Parties, Plaintiffs Lucy Calton, Teretha Spann, and Chaka Ford, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), and Defendants MCBH, LLC d/b/a Medical Center Barbour

("MCBH"), Blue Management Services, LLC d/b/a Alliant Management Services ("Alliant")[1], and The Health Care Authority of the City of Eufaula ("The Health Care Authority") (collectively, "Defendants"), and respectfully move this Honorable Court for a stay of proceedings, as follows:

1. On December 6, 2024, Alliant filed its Notice of Removal (Doc. 1) of this case from the Circuit Court of Barbour County, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. MCBH and The Health Care Authority consented to the removal. *Id.*

2. On December 13, Defendants MCBH, The Health Care Authority, and Alliant filed their joint Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (Doc. 8), and Plaintiffs filed their Motion to Remand (Doc. 7).

3. On December 19, 2024, the Parties conferred in a virtual setting and agreed that an early global mediation will very likely be productive.

4. The Parties have agreed on a proposed mediator, Judge David E. Jones of Resolute Systems, LLC, pending his availability in early 2025.

5. The Parties respectfully request that the Court stay these proceedings generally for one hundred twenty (120) days, including, but not limited to, the upcoming January 3, 2025 briefing deadlines and rulings on the pending Motion to

---

[1] Incorrectly identified in the Consolidated Class Action Complaint as Alliant Management Services, Inc.

Dismiss and Motion to Remand.[2]

6. This requested stay will allow the Parties necessary time to schedule, prepare for, and attempt a global resolution before proceeding to formal discovery and trial, thus allowing the Parties and the Court to potentially avoid protracted litigation of this matter and conserve judicial resources.

7. All Parties join in the filing of this Motion and agree that the requested stay is in the best interests of all Parties.

8. The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Thus, in determining whether a stay is appropriate in a particular case, the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side. *Feld Entm't, Inc. v. ASPCA*, 523 F. Supp. 2d 1, 3 (D.D.C. 2007) (citations omitted). In exercising this discretion, district courts have

---

[2] Per the Standard Briefing Order (Doc. 12), all Parties have briefing deadlines of January 3, 2025. By that date, Defendants must respond to Plaintiffs' Motion to Remand, and Plaintiffs must respond to Defendants' Motion to Dismiss.

considered such factors as: (1) whether the litigation is at an early stage …; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. *Ins. Co. of the W. v. Ollinger Constr., Inc.*, No. 11-0575-WS-N, 2011 U.S. Dist. LEXIS 128551, at *1-2 (S.D. Ala. Nov. 7, 2011) ("In short, there appear to be considerable benefits to entering a temporary stay at this time to enable the parties to focus their efforts on reaching an amicable resolution without being distracted by the press of litigation as this action spins up to "full speed ahead" status.")

9. As shown above, this case is in the very early stages of litigation. No party will be unduly disadvantaged by a stay. To the contrary, all parties agree that a stay is likely to facilitate early resolution by allowing the parties to focus time and resources on mediation. With that in mind, a stay has the potential to streamline this litigation by facilitating mediation, which in turn, if successful, would reduce the burden of litigation on the parties and on the Court.

WHEREFORE, premises considered, the Parties respectfully request that this Honorable Court grant their Motion, staying these proceeding for a period of 120 days to allow them to mediate, and grant any such other relief as this Honorable Court deems appropriate.

Respectfully submitted,

/s/ Angel Croes
ANGEL A. CROES (ASB-6785-E49D)
CAROLINE T. PRYOR (ASB-2802-R67C)
HANNAH R. DELLASALA (ASB-1406-Q44G)
Attorneys for Blue Management Services, LLC
d/b/a Alliant Management Services

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
Email:  acroes@carrallison.com
            cpryor@carrallison.com
            hdellasala@carallison.com


/s/ Andrew P. Walsh
ANDREW P. WALSH (WAL-170)
DAVID M. ROSS, *pro hac vice to be submitted*
Attorneys for MCBH, LLC d/b/a Medical Center Barbour and The Health Care Authority of the City of Eufaula, Alabama

**OF COUNSEL:**

**WILSON ELSER MOSKOWITZ**
 **EDELMAN & DICKERSON**
1500 Urban Center Drive, Suite 450
Brimingham, AL 35242
Telephone: 205-709-8990
Email:  andy.walsh@wilsonelser.com

1500 K. Street, NW, Suite 330
Washington, D.C. 20005

Telephone: 202-626-7687
Email:   david.ross@wilsonelser.com

/s/ Alexandra J. Calton
Alexandra J. Calton (ASB-0496-Z14Y)
Annesley H. DeGaris (ASB-9182-A63A)
**DEGARIS LAW, LLC**
2 North 20th Street, Suite 1030
Birmingham, AL 35203
Telephone: 205-575-8000
Email:   acalton@degarislaw.com
             adegaris@degarislaw.com

Daniel Srourian, Esq., *pro hac vice* forthcoming
468 N. Camden Dr. Suite 200
Beverly Hills, CA 90210
Fax: 213-471-4160
Telephone: 213-474-3800
Email:   daniel@slfla.com

Mohammed A. Rathur, *pro hac vice* forthcoming
Nickolas J. Hagman, *pro hac vice* forthcoming
**CAFFERTY CLOBES MERIWETHER
 & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: 312-782-4880
Facsimile: 312-782-4485
Email:   dherrera@caffertyclobes.com
             nhagman@caffertyclobes.com
             mrathuhr@caffertyclobes.com

Attorneys for Plaintiffs and Proposed Class

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 23rd day of December, 2024, I have served a copy of the above and foregoing on all parties by:

      \_\_\_\_\_Facsimile transmission;
      \_\_\_\_\_Hand Delivery;
      \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
      __XX__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Richard P. Rouco, Esq.
Quinn, Connor, Weaver, Davies and Rouco, LLP
2-20th Street North, Suite 930
Birmingham, AL 35203
rrouco@qcwdr.com

                                      /s/ Angel A. Croes
                                      OF COUNSEL